UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LIGHTING ONE, INC., : | |
| : | Hon. Joseph H. Rodriguez |
| Plaintiff, : | |
| : | Civil Action No. 07-cv-736 |
| v. : | |
| : | **MEMORANDUM OPINION** |
| : | **& ORDER** |
| SPRING CITY ELECTRICAL : | |
| MANUFACTURING COMPANY, : | |
| INDEPENDENCE LIGHTING, and : | |
| KENT LAZOR, : | |
| : | |
| Defendants. : | |

This matter comes before the Court on the motion of Defendants Spring City Electrical Manufacturing Company, ("Spring City"), Independence Lighting, and Kent Lazor, ("Lazor"), (collectively "Defendants"), to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(2). For the reasons set forth below, the motion is denied.

## I. Background

Plaintiff Lighting One, Inc., ("Lighting One"), a New Jersey corporation with its principal place of business in Pennsauken, New Jersey, (Fine Certif. at ¶ 2), is in the business of selling lighting fixtures, equipment, and accessories. (Id. at ¶ 4.) In or about 1993, Spring City, a Pennsylvania corporation with its principal place of business in Spring City, Pennsylvania, (Rosfelder Certif. at ¶ 2), entered into a Sales Representative Agreement with Lighting One under which Lighting One became Spring City's representative for Eastern Pennsylvania, Delaware, and Southern New Jersey. (Fine Certif. at ¶¶ 5-6.) Under the agreement, Lighting One received commissions upon sales of Spring City products. (Compl. at ¶ 8.) Approximately twenty-five to thirty-five percent of Lighting One's sales for Spring City occurred in New Jersey. (Fine Certif. at ¶

9.) Spring City also directly billed and shipped to customers in New Jersey for Lighting One's sales. (Id. at ¶ 10.)

Plaintiff alleges that in or about March 2005, Spring City, without justification or warning, unilaterally terminated the agreement. (Compl. at ¶ 10.) At the time of termination, Plaintiff claims it was owed in excess of $60,000 for outstanding sales and commissions, including undelivered merchandise. (Id. at ¶¶ 12-14.) Plaintiff also alleges that Spring City conspired with Kent Lazor, a Lighting One employee at the time of the conspiracy, to delay sales for Lighting One so that they could be renewed by Independence Lighting, Lazor's new company. (Id. at ¶ 19-23; Lazor Certif. at ¶ 2.) Lazor is domiciled in and is a citizen of Pennsylvania. (Lazor Certif. at ¶ 1.) Independence Lighting is a Pennsylvania corporation with its principal place of business in Exton, Pennsylvania. (Id. at ¶ 3.) Plaintiff claims that the delayed commissions would have netted in excess of $30,000, including alleged sales to New Jersey entities Cooper Electric and Township of Lakewood. (Fine Certif. at ¶ 18.) Lastly, Plaintiff claims that Lazor retained certain Lighting One property when his employment was terminated. (Compl. at ¶ 25.)

Lighting One brought suit in the Law Division of the Superior Court of New Jersey, Camden County, on December 8, 2006, for Breach of Contract, Promissory Estoppel, Unjust Enrichment, Tortious Interference with an Economic Advantage, Unfair Business Practices, Conversion, Civil Conspiracy, Breach of Duty of Loyalty, and Breach of Duty of Good Faith and Fair Dealing. (Amended Notice of Removal at ¶¶ 1-2.) Defendants filed a notice of removal on February 9, 2007, pursuant to 28 U.S.C. §§ 1441, 1446, and 1332. Defendants filed this motion to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) five days later.

## II. Analysis

Whether a court can exercise personal jurisdiction depends on "the relationship among the defendant, the forum, and the litigation." Pinker v. Roche Holdings Ltd., 292 F.3d 361, 368 (3d Cir. 2002). An exercise of personal jurisdiction must satisfy the defendant's due process rights, which requires "certain minimum contacts with [the forum] such that maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). Personal jurisdiction can be either general or specific. Jacobs v. Walt Disney World, Co., 707 A.2d 477, 481 (N.J. Super. Ct. App. Div. 1998). Specific jurisdiction is established when the cause of action arises directly out of the defendant's contacts with the forum. Waste Mgmt., Inc. v. Admiral Ins. Co., 649 A.2d 379, 385 (N.J. 1994). Contacts with the forum can include acts by an out-of-state defendant who directs an "effect" on the plaintiff in the forum. Carteret Savings Bank, FA v. Shushan, 954 F.2d 141, 148 (3d Cir. 1992). Alternatively, general jurisdiction is established when the defendant engages in "continuous and systematic activities in the forum" that may be unrelated to the cause of action. Waste Mgmt., 649 A.2d at 385.

Plaintiff bears the burden of demonstrating that the defendant's contacts with the forum establish personal jurisdiction. Jacobs, 707 A.2d at 482. However, in the absence of an evidentiary hearing on a Rule 12(b)(2) motion, "the plaintiff need only establish a prima facie case of personal jurisdiction and the plaintiff is entitled to have its allegations taken as true and all factual disputes drawn in its favor." Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 97 (3d Cir. 2004). In a suit with multiple defendants, the court must have personal jurisdiction over each defendant. Waste Mgmt., 649 A.2d at

389. New Jersey's long-arm statute permits service on non-resident defendants to the "uttermost limits permitted by the United States Constitution." Avdel Corp. v. Mecure, 277 A.2d 207, 209 (N.J. 1971).

**A. Specific Jurisdiction**

The threshold inquiry for specific jurisdiction is whether the defendant had sufficient "minimum contacts" with the jurisdiction. Waste Mgmt., 649 A.2d at 685 (citing Hanson v. Denckla, 357 U.S. 235, 253 (1958)). Minimum contacts are satisfied if "'the defendant purposely avails itself of the privilege of conducting activities within the forum State, thus invoking the benefit and protection of its laws.'" Hanson, 357 U.S. at 253 (citing Int'l Shoe, 326 U.S. at 319)). Such purposeful contact with the forum makes it reasonable for the defendant "to anticipate being haled into court there." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980). However, specific jurisdiction is not satisfied where the unilateral acts of the plaintiff alone bring the defendant into the forum. Id. at 298.

Under the facts alleged, Spring City has sufficient minimum contacts with New Jersey to establish personal jurisdiction. Plaintiff's underlying causes of action against Spring City include: Breach of Contract, Promissory Estoppel, Unjust Enrichment, Unfair Business Practices, Conversion, Civil Conspiracy, and Breach of Duty of Good Faith and Fair Dealing. (Compl. at ¶¶ 27-39, 44-53, 58-63.) The majority of these allegations relate to an agreement between Plaintiff and Spring City under which Plaintiff would become the Defendant's sole representative for Southern New Jersey, portions of Eastern Pennsylvania, and the whole of Delaware. (Fine Certif. at ¶ 5-6.) Although a contract alone is not sufficient for establishing minimum contacts, other acts

4

pursuant to the contract such as negotiations, future consequences, and course of dealings can establish jurisdiction. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 478-79 (1985). Defendant alleges that none of the sales at issue in the complaint occurred in New Jersey and thus, the agreement alone with its "territory of coverage" provision is insufficient to create minimum contacts. (Defendant's Brief at 5-6, citing Waste Mgmt., 649 A.2d at 389.)

However, the facts alleged show that pursuant to the contract, Spring City purposefully availed itself of the benefits and protections of New Jersey beyond the formation of the agreement itself. For example, twenty-five to thirty-five percent of Lighting One's sales for Spring City occurred in New Jersey. (Fine Certif. at ¶ 9.) Spring City also directly billed customers in New Jersey and arranged for direct delivery in New Jersey. (Id. at ¶ 10.) Moreover, at least two of the sales at issue concern sales to New Jersey entities, Cooper Electric and Township of Lakewood. (Id. at ¶ 18.) While Defendant denies that these sales are truly in dispute, (Rosfelder Supp. Certif. at ¶ 5), the Plaintiff's allegations are accepted as true for purposes of Rule 12(b)(2). Miller Yacht, 384 F.3d at 97. Plaintiff's burden is only to make out a prima facie case for jurisdiction, which it has done with the affidavits submitted to the Court. See id. Furthermore, even though those two New Jersey sales account for only a small portion of the underlying amount in controversy, Plaintiff can seek relief from tortious activity anywhere Spring City has minimum contacts provided it does not offend notions of "fair play and substantial justice." See Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 780-81 (1984) (regarding volume of contacts). Therefore, Spring City has sufficient minimum contacts with New Jersey to satisfy personal jurisdiction.

Defendant Spring City is also subject to personal jurisdiction in New Jersey under the "effects" test. The "effects" test requires "that the nonresident defendant purposely and deliberately direct his act toward the forum state." Covenant Bank for Savings v. Cohen, 806 F. Supp. 52, 56 (D.N.J. 1992). However, the effects must be distinguished between acts directed at a plaintiff in a forum, which do not create jurisdiction, and acts directed at the forum itself, which do create jurisdiction. Id.

The agreement underlying this cause of action established Lighting One as Spring City's sole representative in Southern New Jersey. (Fine Certif. at ¶ 6.) Spring City alleges that even if it breached the contract, its breach occurred in Pennsylvania and was not directed at the forum of New Jersey. (Defendants' Brief at 7.) However, this assertion belies the Defendant's true intent under the facts alleged.

Spring City advertises sales through representatives to the whole of New Jersey. (Plaintiff's Brief, Exhibit 2.) Its current sales representative for Southern New Jersey, which was once Lighting One, is Defendant Independence Lighting. (Id.) Plaintiff previously derived twenty-five to thirty-five percent of its sales from New Jersey under the agreement. (Fine Certif. at ¶ 9.) Moreover, Plaintiff alleges that part of the conspiracy was to deprive it of sales and commissions from two specific New Jersey sales. (Id. at ¶ 18.) A conspiracy to deprive Plaintiff of on-going sales in New Jersey and certain sales in particular seems sufficient to create an effect in this forum directed at more than just the Plaintiff itself. See Waste Mgmt., 649 A.2d at 389 (holding "an intentional act calculated to create an actionable event in a forum state will give that state jurisdiction over the actor") (citing Calder v. Jones, 465 U.S. 783, 791 (1984)). Indeed, how an alleged civil conspiracy to deprive a New Jersey corporation of its

6

contract right to conduct sales with New Jersey residents is anything other than aimed at the forum itself is confounding.  Thus, Spring City is subject to personal jurisdiction under the effects test.

The facts alleged also show that Defendant Independence Lighting has sufficient minimum contacts with New Jersey to subject it to personal jurisdiction.  The claims against Independence Lighting include: Unjust Enrichment, Tortious Interference with Economic Advantage, Unfair Business Practices, Conversion, and Civil Conspiracy.  (Compl. at ¶¶ 37-53.)  Plaintiff alleges that sales attributable to New Jersey were unlawfully delayed by Independence Lighting.  (Fine Certif. at ¶ 15.)  Plaintiff further alleges that commissions owing to Lighting One pursuant to New Jersey sales were delayed for the benefit of Independence Lighting. (Id. at ¶ 18.)  These allegations alone are sufficient to subject Independence Lighting to specific jurisdiction since Defendant availed itself of the benefits and protections of New Jersey to complete the allegedly pirated sales.  See Hanson, 357 U.S. at 253.  Furthermore, Independence Lighting is also subject to personal jurisdiction under the "effects" test since, under the facts alleged, it conspired with Defendant Spring City to unlawfully assume Lighting One's sales territory, thereby creating an effect in the forum.  See Covenant Bank, 806 F. Supp. at 56.

Lastly, the facts alleged also establish personal jurisdiction for Defendant Kent Lazor.  The claims against Lazor include: Unjust Enrichment, Tortious Interference with an Economic Advantage, Unfair Business Practices, Conversion, Civil Conspiracy, Breach of Duty of Loyalty, and Breach of Duty of Good Faith and Fair Dealing.  (Compl. at ¶¶ 37-63.)  For purposes of specific jurisdiction, Plaintiff alleges that Lazor, as a

former employee, unlawfully converted a hands-free headset, a cellular telephone, a laptop computer, product samples, a facsimile machine, and company files. (Fine Certif. at ¶ 20.) Plaintiff alleges that this unlawful conversion happened following his termination with Lighting One in New Jersey. (Id. at ¶ 19.) This allegation alone is sufficient to create specific jurisdiction. Moreover, Lazor is also subject to personal jurisdiction under the same "effects" test analyzed above for Defendant Independence Lighting, since Lazor, as principal of Independence Lighting, is one of the alleged co-conspirators. (Id. at ¶¶ 12, 15-18.) Therefore, Lazor is subject to personal jurisdiction in New Jersey.

**B. General Jurisdiction**

Since Defendants are subject to specific personal jurisdiction, an analysis of general personal jurisdiction is unnecessary. However, the Court will briefly review it here to show that Defendant Spring City would otherwise be subject to personal jurisdiction in New Jersey. As noted above, general jurisdiction is established when the defendant engages in "continuous and systematic activities in the forum" that may be unrelated to the cause of action. Waste Mgmt., 649 A.2d at 385. That Defendant Spring City holds itself out on its own website as offering sales to New Jersey, regularly sends bills to New Jersey, and directly bills to New Jersey seems sufficient to establish continuous and systematic activity. (See Fine Certif. at ¶ 10; Exhibit 2.)

The Court notes, however, that general personal jurisdiction would not be appropriate for Defendants Independence Lighting and Kent Lazor since the facts alleged do not appear to reflect continuous and systematic activity, likely because Defendants only recently assumed control of New Jersey sales for Spring City. (Fine

8

Certif. at ¶ 11.)  That Independence Lighting and Kent Lazor advertise on the internet as conducting sales in New Jersey is not, in and of itself, sufficient to create general jurisdiction.  See Covenant Bank, 806 F. Supp. at 57 (holding advertisements in a forum, without more, do not create general jurisdiction).

**C. Traditional Notions**

Even though the Defendants have sufficient minimum contacts with the forum, personal jurisdiction is only appropriate if such an exercise "comport[s] with fair play and substantial justice."  Miller Yacht Sales, 384 F.3d at 97 (citing Burger King, 471 U.S. at 476).  Under a fairness inquiry, the defendant must "present a compelling case that the presence of some other considerations would render jurisdiction unreasonable."  Id.  Factors that must be evaluated in a reasonableness inquiry include: "the burden on the defendant, the interests of the forum state, the plaintiff's interest in obtaining relief, the interstate judicial system's interest in efficient resolution of controversies, and the shared interest of the States in furthering fundamental substantive social policies."  Waste Mgmt., 649 A.2d at 386 (citing Asahi Metal Industry Co. v. Superior Court of California, 480 U.S. 102, 113 (1987)).

Defendants have failed to present "a compelling case" for the unreasonableness of New Jersey as the appropriate forum in this matter.  Defendants base their objection on general statements of perceived inconvenience of continuing this action in New Jersey and assert an unsupported conclusion that the action is only here "for purposes of vexation and harassment." (Defendants' Brief at 8.)  However, given the minimum contacts the Defendants have with the forum, that argument is not compelling.  Moreover, the torts alleged include a conspiracy directed at the forum of New Jersey to

deprive a New Jersey corporation of its duly earned sales and commissions.  (Compl. at ¶¶ 27-63.)  Such a claim, if true, warrants resolution in the forum where the effects are directed and felt.  Lastly, the Court notes that particularly in contract actions, a plaintiff's choice of forum should not be disturbed "except in the most exceptional of circumstances" since contracts have "evidential roots in several jurisdictions."  <u>Star Video Entertainment v. Video U.S.A. Assocs.</u>, 601 A.2d 724, 729 (N.J. Super. Ct. App. Div. 1992) (citing <u>Starr v. Berry</u>, 138 A.2d 44, 51 (N.J. 1958)).  No exceptional circumstances are presented here.  Therefore, continuing this suit in New Jersey does not offend traditional notions of fair play and substantial justice.

### III. Conclusion

For the reasons articulated above,

IT IS ORDERED this   10th    day of July 2007, that the Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2) is hereby **DENIED**.

                                                       /S/ Joseph H. Rodriguez
                                                       JOSEPH H. RODRIGUEZ
                                                            U.S.D.J.